UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | February 28, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2018-cr-176 |
| CASE NAME: | United States of America v. Chadwick Grubbs |
| NATURE OF HEARING: | Sentencing |
| APPEARANCES: | Gregory Haanstad – Attorney for the government |
| | Anderson Gansner – Attorney for the defendant |
| | Chadwick Grubbs – Defendant |
| | Jennifer Garstika/James Fetherston – US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 1:34 p.m. – 3:27 p.m. |

**AUDIO OF THIS HEARING AT DKT. NOs. 29 and 30**

The court had scheduled today's hearing for a sentencing on the defendant's guilty plea to Count Four, threatening arson by means of mail in violation of 18 U.S.C. §844(e), and Counts Five and Six, mailing threatening communications in violation of 18 U.S.C. §876(c). The court asked whether counsel and the defendant had had the opportunity to review the presentence investigation report with attached FBI interviews of victims, the addendum to the presentence investigation report, the defendant's sentencing memorandum, the government's sentencing memorandum, and the letter from defense counsel regarding the defendant's state supervision conditions; counsel confirmed that they had. Counsel for the government confirmed that he had had the opportunity to review the documents.

The court began by addressing the Sentencing Guidelines calculations contained in the presentence report. The court explained that, while the Guidelines were advisory, the law required the court to begin its sentencing analysis with those advisory guidelines, and then to consider whether they were adequate to address the factors in §3553.

Both the plea agreement and the presentence report recommended a base offense level of 12 for all three counts of conviction under §2A6.1(a)(1). The documents recommended a 2-level enhancement under §2A6.1(b)(2)(A) for each count, because the offense involved more than two threats. They recommended a 3-level enhancement under §3A1.1(a) because the offenses constituted hate crimes. Although the defendant had pled guilty to multiple counts, no enhancement was warranted under §3D1.4 because the offenses were grouped.

1

The documents recommended a 2-level reduction for acceptance of responsibility under §3E1.1(a), and during the hearing, the government moved for another 1-level reduction under §3E1.1(b). The court granted that motion. Neither party objected to the adjusted offense level of 14 for each count.

The presentence report reflected fifteen (15) criminal history points; because the defendant committed these offenses while on supervision §4A1.1(d) added two (2) points, for a total of seventeen (17) criminal history points and a criminal history category of VI. The adjusted offense level of 14 in criminal history category VI resulted in an advisory sentencing range of thirty-seven to forty-six months. Neither party objected.

Counsel for the government recommended that the court impose a sentence of forty-six months, and that it impose that sentence to run consecutively to any sentence imposed in state court.

Counsel for the defendant asked the court to impose a sentence of thirty-seven months, and to order that it run concurrently to any sentences imposed by state courts. In the alternative, counsel asked that if the court felt the need to impose a consecutive sentence, it impose a sentence of twenty-eight months (which would overlap with the defendant's state-court extended supervision term).

The defendant spoke to the court on his own behalf

The court concluded that a total sentence of thirty-six months of incarceration, to run consecutively to the sentences imposed in state court, followed by three years of federal supervised release, was sufficient but not more than necessary to address the §3553 factors. The court also ordered the defendant to pay a special assessment of $300. The court did not impose a fine.

The court imposed conditions of supervised release, which the judgment will reflect. The court agreed to the defendant's request to recommend that the Bureau of Prisons place the defendant in a facility as close as possible to the Southern District of California.

The court advised the defendant that he had a right to appeal, that he had a limited time in which to do so, and that he should discuss his appeal rights with his attorney. The court will enter judgment reflecting the above sentence.

The court **GRANTS** the government's oral motion to dismiss the remaining counts of the indictment against defendant Chadwick Grubbs.

Dated in Milwaukee, Wisconsin this 28th day of February, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**

3

Case 2:18-cr-00176-PP   Filed 02/28/19   Page 3 of 3   Document 31