# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 2018-cr-176-PP <br> USM Number: 16764-089 |
| Chadwick Grubbs | Anderson M. Gansner    Gregory J. Haanstad <br> Defendant's Attorney    Assistant United States Attorney |

THE DEFENDANT pled guilty to Counts Four, Five and Six of the indictment. The court adjudicates him guilty of these offenses:

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §844(e) | Threatening Arson by Means of Mail | 5/16/2018 | 4 |
| 18 U.S.C. §876(c) | Mailing Threatening Communications | 5/7/2018 | 5 |
| 18 U.S.C. §876(c) | Mailing Threatening Communications | 5/15/2018 | 6 |

The court sentences the defendant as provided in this judgment. The court imposes the sentence under the Sentencing Reform Act of 1984.

The court DISMISSES the remaining counts of the indictment on the motion of the United States.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: February 28, 2019

_Hon. Pamela Pepper_
Judge, United States District Court

Date Judgment Entered: March 7, 2019

DEFENDANT: Chadwick Grubbs
CASE NUMBER: 2018-cr-176-PP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **thirty-six (36) months on Count Four; thirty-six months on Count Five, to run concurrently with the thirty-six (36) months imposed on Count Four; thirty-six (36) months on Count Six, to run concurrently with the thirty-six (36) months imposed on Counts Four and Five, for a total sentence of thirty-six (36) months. The thirty-six (36)-month federal sentence shall to run consecutively to any sentence imposed in Winnebago County Circuit Court Case No. 18CF000392 and Racine County Circuit Court Case No. 16CF000298.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**The defendant be placed in a facility as close to the Southern District of California as possible.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

United States Marshal

By: Deputy United States Marshal

DEFENDANT: Chadwick Grubbs
CASE NUMBER: 2018-cr-176-PP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years on Count Four; three (3) years on Count Five, to run concurrently with the three (3) years imposed on Count Four; three (3) years on Count Six, to run concurrently with the three (3) years imposed on Counts Four and Five, for a total of three (3) years of federal supervised release.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer. The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**CONDITIONS OF SUPERVISION**

1. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
2. the defendant shall not knowingly leave the judicial district without permission of the court or his probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer subject to his Fifth Amendment right against self-incrimination and follow the instructions of the probation officer;
4. the defendant shall either participate in job training as directed by his supervising officer, attend school (verified by his supervising officer), or maintain a full-time job. Whether the defendant is working, training, going to school, or some combination of the three, the defendant shall participate in that activity/those activities for at least thirty (30) hours per week;
5. the defendant shall notify the probation officer at least ten days prior to any change in employment (changing from one job to another, obtaining a new job, or losing a job); When such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change;

6. the defendant shall not reside at any address which has not been approved by the defendant's supervising officer;
7. the defendant shall notify the probation officer at least ten days prior to any change in residence (moving from one address to another); When such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change;
8. the defendant shall not knowingly associate with (socialize with, travel with, reside with or communicate with) any people whom he knows to be engaged in, discussing or planning criminal activity;
9. the defendant shall permit a probation officer to visit him at reasonable times at home or elsewhere, and shall permit the probation officer to confiscate any items that violate the conditions of his supervised release that the officer observes in plain view;
10. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
11. the defendant shall not enter into any agreement to act as an informant or agent of a law enforcement agency without the permission of the court;
12. the defendant shall participate in a program of testing, to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the guidance of his supervising probation officer. The defendant shall refrain from the use of all alcoholic beverages throughout the supervised release term;
13. the defendant shall participate in a cognitive intervention program, if available and under the guidance and supervision of his supervising probation officer;
14. the defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation(s) and counseling as approved by his supervising probation officer. The defendant shall pay the cost of such treatment under the guidance and supervision of his supervising probation officer.

DEFENDANT:  Chadwick Grubbs
CASE NUMBER:  2018-cr-176-PP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$300.00** | **$Waived** | **$None** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL:** |  |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.
☐ Restitution amount ordered pursuant to plea agreement: $_____.
☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\*\*  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  Chadwick Grubbs
CASE NUMBER:  2018-cr-176-PP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $300 special assessment begins immediately.

The defendant must participate in the Inmate Financial Responsibility Program.

While the defendant is in custody, he must make payments toward the special assessment obligation as required by the Inmate Financial Responsibility Program.

After his release from custody, the defendant must make payments toward the remaining balance of the special assessment obligation of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

The defendant must make all criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment, then (2) costs, including cost of prosecution and court costs.